UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUSTIN RINGGOLD-LOCKHART, et al., | ) ) ) | CASE NO. CV 11-1725-R |
| | ) | ORDER DECLARING PLAINTIFFS |
| Plaintiffs, | ) | NINA RINGGOLD AND JUSTIN |
| vs. | ) ) | RINGGOLD-LOCKHART TO BE VEXATIOUS LITIGANTS |
| COUNTY OF LOS ANGELES, et al., | ) ) ) | |
| Defendants. | ) ) | |

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent authority "to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). However, such pre-filing orders are an extreme remedy that should rarely be used as these orders can tread on a litigant's due process right of access to the courts. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

The *DeLong* court outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. *DeLong*, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." *Id.* at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation or, alternatively, that the litigant's filings show a pattern of harassment. *Id.* Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." *Id.*

Following this Court's previous order, the Ninth Circuit vacated and remanded this Court's decision finding Plaintiffs Nina Ringgold ("Plaintiff Ringgold") and Justin Ringgold-Lockhart ("Plaintiff Ringgold-Lockhart") (collectively, "Plaintiffs") to be vexatious litigants. In substance, the Ninth Circuit found that the some of the motions upon which the Order was based were not frivolous or baseless, that Plaintiff Ringgold-Lockhart should not be declared a vexatious litigant based on state court litigation to which he was not a party, that the Court should have considered less drastic sanctions, and that the breadth of the Order was too wide. Understanding and incorporating the Ninth Circuit's holding, the Court has modified this new Order to be consistent with the Ninth Circuit's reasoning.

**A. Notice and Opportunity to be Heard**

To satisfy the first of *DeLong*'s factors, the litigant must be given notice and a chance to be heard before the order is entered. *DeLong*, 912 F.2d at 1147. This ensures that the requirements of due process have been complied with, as these restrictions can tread on a litigant's due process right of access to the judicial system.

Here, on September 19, 2011, Plaintiffs were warned by this Court that they were at risk of being declared vexatious litigants, thus putting them on notice of this possibility. Plaintiffs received another warning from this Court on November 7, 2011. Plaintiffs were also given an

opportunity to be heard on the matter. Plaintiffs submitted a brief opposing this order and made oral arguments before this Court on December 5, 2011.

Thus, the requirements of due process have been satisfied.

### B.  Adequate Record for Review

The next issue is whether the Court has compiled an adequate record for review. *DeLong*, 912 F.2d at 1147. An adequate record for review should include a "listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* (*citing Martin-Trigona v. Lavien*, 737 F.2d 1254, 1270-74 (2d Cir. 1984)). At the very least, the record "needs to show, in some manner, that the litigant's activities were numerous or abusive." *DeLong*, 912 F.2d at 1147.

In *DeLong*, the Ninth Circuit held that the "district court's record fails to set forth in any form the filing of cases and motions that support the conclusion that DeLong's filings are so numerous or abusive that they should be enjoined." *Id.* at 1148. By contrast, in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007), the Ninth Circuit concluded that a record was adequate for review when it contained "a complete list of the cases filed by [the plaintiff] in the Central District of California, along with the complaints from many of those cases." The *Molski* court noted that the order did not list every case filed, but it did outline and discuss many of them. *Id.*

Here, Plaintiffs litigation history is extensive, running for years and occurring in both federal and state court, and resulting in numerous motions, appeals, ex parte applications and at least two applications for Writs of Certiorari.

Plaintiffs have brought two different actions before this Court, CV 09-9215 and CV 11-1725. The 2009 action featured a 110-page first amend complaint with sixteen causes of action and named at least twelve defendants, including a number of officials with the County of Los

Angeles, the Superior Court of Los Angeles County and various judges. The 2011 action featured a 31-page complaint with eleven causes of action and again named the County of Los Angeles, as well as other county and state officials, including Governor Jerry Brown and Secretary of State Kamala Harris.

The litigation before this Court has also consisted of numerous baseless motions brought by Plaintiffs, including multiple Motions for Reconsideration, Motions to Vacate, various Ex Parte Applications, Motions for Relief From Judgment, etc. Almost without exception, Plaintiffs' motions have been unanimously denied by this Court for failure to show good cause. At least sixteen baseless motions have been filed before this Court in these respective actions, and the number undoubtedly would have grown higher had the complaints not been dismissed at such early stages. In addition, the Court is mindful of the burden Plaintiffs' litigation has placed on the opposing parties in these proceedings. The Defendants have been required to file numerous oppositions to Plaintiffs' filings, as well as make numerous appearances before this Court and file their own motions throughout. A complete list of these motions is attached to this Order.

Plaintiffs have also brought fruitless appeals before the Ninth Circuit Court of Appeals, *Ringgold-Lockhart v. Sankary,* 406 Fed.Appx. 235 (9th Cir. 2010), and the United States Supreme Court, in the form of at least two petitions for Writ of Certiorari that were both denied, *Ringgold v. Sankary,* 130 S.Ct. 2066 (2010) and *Ringgold-Lockhart v. Sankary*, 2011 WL 4403624 (2011).

With regard to both Plaintiffs, the state court litigation is even more extensive – and frivolous. In fact, it should be noted that Plaintiff Ringgold was deemed a vexatious litigant by the Superior Court of Los Angeles, a ruling that was affirmed by the California Court of Appeal, 2009 WL 386969 (Feb. 18, 2009). In that ruling, the Court of Appeal noted the "protracted litigation from Ringgold's various appeals and writ petitions." The Court noted that "she has repeatedly filed meritless papers here and in the probate court" with numerous frivolous assertions. Plaintiff

4

Ringgold-Lockhart has also been recognized as submitting frivolous arguments in state court in related litigation. *Ringgold-Lockhart v. Sankary*, 2009 WL 3790555, at *2 (Nov. 13, 2009). In those state court proceedings, Plaintiff Ringgold-Lockhart thrice brought appeal to no avail owing to lack of standing. *Id.* (appeal dismissed for lack of standing); *Ringgold-Lockhart v. Sankary*, 2009 WL 74131 (Jan. 13, 2009) (same); *Ringgold-Lockhart v. Sankary*, 2009 WL 3431443 (Oct. 27, 2009) (same). On his third improper appeal, the court imposed sanctions based on Plaintiff Ringgold-Lockhart's "frivolous" appeal and noted that "any reasonable attorney would believe the appeal totally and completely without merit." *Id.*

Based on the foregoing, the Court is satisfied that the compiled record is adequate for the instant review.

### C. Substantive Findings About Frivolous or Harassing Nature of Litigation

The third factor set forth by *DeLong* gets to the heart of the vexatious litigant analysis, inquiring whether the district court made "substantive findings as to the frivolous or harassing nature of the litigant's actions." *DeLong*, 912 F.2d at 1148. To decide whether the litigant's actions are frivolous, the court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (*quoting DeLong*, 912 F.2d at 1148). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings "show a pattern of harassment." *DeLong*, 912 F.2d at 1148. However, courts must "be careful not to conclude that particular types of actions filed repetitiously are harassing," and must "[i]nstead . . . 'discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.'" *Id.* at 1148, n.3.

A determination about the substantive merits of a plaintiff's claim can be informed by

considering the number of actions or motions on which the plaintiff has prevailed. For example, in *Andrews v. Guzman*, 2009 WL 1705811 (E.D. Cal. 2009), the plaintiff brought over 20 actions in less than a decade and prevailed in none of them. Many were dismissed early into the litigation, while some of the claims proceeded to the summary judgment stage. The *Andrews* court noted that "a large amount of court resources has been spent on plaintiff's actions, in which none he has prevailed." *Id*. at *2.

Similarly, in *Spittal v. Apel*, 2006 WL 769031 (E.D. Cal. 2006), the district court declared a plaintiff a vexatious litigant under several of the alternative grounds for finding vexatiousness. "Plaintiff has brought and has had five or more cases adversely decided in the past seven years; he repeatedly attempts to re-litigate the validity of past decisions and/or repeatedly litigates the same claims against the same or related defendants; he has filed a plethora of frivolous motions, especially motions for contempt and reconsiderations in past litigations. Judging from the instant motions to dismiss, defendants are very likely to obtain the same adverse-to-plaintiff results which they and others have obtained in previous litigations." *Id.* at *4.

Here, over the course of the past seven years both Plaintiffs have brought numerous cases, in both federal and state court, all of which were adversely decided. *See*, *e.g.*, *Sankary v. Ringgold*, 2009 WL 386969, at *1 (Feb. 18, 2009) (brought by Plaintiff Ringgold); *Ringgold-Lockhart v. Sankary*, 2009 WL 3790555, at *2 (Nov. 13, 2009) (Plaintiff Ringgold Lockhart). Plaintiffs have repeatedly attempted to re-litigate the validity of past decisions, as well as re-litigate the same claims against the same or related defendants. While only two federal lawsuits do not seem monumental, knowledge of both Plaintiffs' previous state court lawsuits and a review of the voracity with which Plaintiffs have engaged in repetitious and frivolous motions practice in state and federal court evince the necessity of imposing a pre-filing requirement. Plaintiffs have filed baseless motion after baseless motion, each seeking to delay imposition of judgment, vacate

6

prior judgments, for relief from judgment, to re-adjudicate past decisions, and to re-litigate the same past claims against the same or related defendants. Plaintiffs offer nothing more than flimsy justifications for bringing this plethora of motions.

By the Court's count, at least 18 different Defendants have been included at some stage of these proceedings, even though most have had nothing to do with the substantive issues in dispute and were ultimately dismissed from the litigation. Plaintiffs have attempted to sue numerous state and county officials in their attempt to overcome what is essentially nothing more than an adverse decision by a probate court to remove Plaintiff Ringgold as temporary trustee of the Aubry Family Trust back in 2005. Plaintiff Ringgold fully and excessively litigated this determination in state court for years, until the Superior Court ultimately declared Plaintiff Ringgold to be a vexatious litigant. Plaintiff Ringgold, having been barred from state court, then brought their dispute to federal court with Plaintiff Ringgold-Lockhart by her side.

Although Plaintiffs have raised some new and novel legal theories before this Court, again, the litigation is essentially no more than an attempt to challenge the determination to remove Plaintiff Ringgold as temporary trustee of the Aubry Family Trust. The novelty of Plaintiffs' arguments is perfectly encapsulated in their strained attempt to claim that state court judges are actually county employees because some compensation may originate from county sources.

Plaintiffs lost at every step of the litigation in state court and at every step in federal court. Plaintiffs may not be happy with the adverse determination by the probate court many years ago, but their legal claims lack any substantive merit, and it is clear that Plaintiffs should have ceased this litigation long ago.

**D. Narrowly Tailored Order**

The fourth and final factor of the *DeLong* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior. In *DeLong*, the Ninth Circuit held

7

overbroad an order preventing plaintiff from filing any suit in a particular district court.  *DeLong*, 912 F.2d at 1148.  Likewise, in *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990), the Ninth Circuit held that "an order requiring a plaintiff to show good cause before making any request to proceed in forma pauperis was not narrowly tailored."  *O'Loughlin*, 920 F.2d at 618.

By contrast, in *Molski*, the Ninth Circuit affirmed as narrowly tailored an order that prevented the plaintiff from filing certain causes of action that he had repeatedly filed without the permission of the court.  The Ninth Circuit concluded it was narrowly tailored because it did not completely deny access to the courts for non-frivolous claims.

Here, after considering a multitude of remedies, including a pre-filing requirement and sanctions, the Court determines that a pre-filing requirement is the proper remedy to curb Plaintiffs' frivolous motions practice.  While sanctions, expressly allowed for under Rule 11, serve to deter, Plaintiffs have demonstrated the limited effect sanctions have on their litigiousness.

Prior to bringing this suit, both Plaintiffs were sanctioned in state court.  Plaintiff Ringgold was sanctioned three times, and warned in another state court appeal "that further attempts to appeal from nonappealable orders may result in the imposition of sanctions."  *Sankary v. Ringgold*, 2009 WL 386969, at *1 (Feb. 18, 2009).  In that case, Plaintiff Ringgold, unperturbed by the sanctions and warning, continued in the same manner until the state court finally placed a pre-filing requirement on her.  *Id.* at *1-3.  Plaintiff Ringgold-Lockhart's harassing litigation pattern has mirrored Plaintiff Ringgold's, bringing three improper appeals, each which was dismissed for lack of standing and the last for which monetary sanctions were imposed.  *See Ringgold-Lockhart v. Sankary*, 2009 WL 3790555, at *2 (Nov. 13, 2009) (noting that the Court had "previously *repeatedly* held in connection with this current probate proceeding that [Plaintiff] Ringgold-Lockhart has no right to appeal as he has no standing") (emphasis added).

Despite such sanctions having been previously imposed, Plaintiffs still chose to bring the

8

current suit and continue to attempt to re-litigate the same issues.  Before this Court, both Plaintiffs have brought at least sixteen baseless, frivolous motions.  These motions have sought to delay the consequences of judgment via request for extension of time to file, for relief from judgment, to amend or alter the judgment, and to stay the case pending appeal.  It does not appear to the Court that additional sanctions, such as those previously imposed by the state courts, would have any effect; a pre-filing order is the proper remedy to curb Plaintiffs' frivolous litigation.

Here, the Court has narrowly tailored the order to fit the context of this litigation. Plaintiffs will need permission from this Court prior to filing any action that arises from or relates to the Aubry Family Trust, including, but not limited to, those regarding the California state courts' remuneration structure or the probate courts' administration of the Aubry Family Trust, including its authority to remove Plaintiff Ringgold as trustee thereof.  The Court will approve all filings that it deems to be not duplicative and not frivolous.

The Court notes that Plaintiff Ringgold is subject to the order in her capacity as an individual, not as an attorney.  This distinction is made in order to comply with the holding of *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194 (9th Cir. 1999), which declared that attorneys could not be sanctioned as vexatious litigants, because they are merely appearing on behalf of a client. Plaintiff Ringgold will be able to continue her law practice as she sees fit, but she will be unable to raise her own claims or the claims of her son, Plaintiff Ringgold-Lockhart to the extent that they arise from or relate to the Aubry Family Trust, including, but not limited to, those regarding the California state courts' remuneration structure or the probate courts' administration of the Aubry Family Trust, including its authority to remove Plaintiff Ringgold as trustee thereof.

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiffs Nina Ringgold and Justin Ringgold-Lockhart are declared vexatious litigants, subject to this Order.

Dated:  December 17, 2014

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

9